HAYES F. MICHEL [SBN 141841]
KRAKOWSKY MICHEL
1925 Century Park East, Suite 2050
Los Angeles, California 90067-2746
Telephone: (310) 227-7342
Facsimile: (310) 277-0298
Email: hmichel@krakowskymichel.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZOE MIRKOVICH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ERIN NOTARTHOMAS, an individual and DOES 1-10.<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR VIOLATION OF THE LANHAM ACT; STATE TRADEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION; STATE UNFAIR COMPETITION; AND STATE TRADEMARK DILUTION |

Plaintiff ZOE MIRKOVICH (hereinafter referred to as "Plaintiff") complains and alleges as follows:

JURISDICTION AND VENUE

1. This action arises under the Section 43 of the Lanham Act, as amended (15 U.S.C. §§ 1225, 1338(a)); California Business & Professions Code §§ 14320, 14330, 17200, *et seq*., and 17500; and California common law. Jurisdiction is proper under both the doctrine of diversity jurisdiction (28 USC 1332(a)(1) and

subject matter jurisdiction (15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b)). Jurisdiction is also proper pursuant to this Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367 in that the state law claims alleged herein are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Judicial District under 28 U.S.C. 1391(c) in that Defendant transacts business in this Judicial District and a substantial part of the events or omissions giving rise to the claims herein occurred within this Judicial District.

THE PARTIES

3. Plaintiff Zoe Mirkovich ("Plaintiff") is an individual that, at all relevant times, has been a citizen of the State of California, residing in Los Angeles County, California.

4. Plaintiff is informed and believes, and on such basis alleges, that Defendant Erin Notarthomas is and has been at all relevant times a citizen of the State of Georgia and has been conducting business in California, including this Judicial District and is likewise conducting specific business complained of in this complaint in California, in this Judicial District.

5. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 - 10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when ascertained.

6. Plaintiff is informed and believes, and on such basis alleges that each

of the aforementioned Defendants acted at all times alleged herein as the agent, employee, representative, and/or alter ego of the other Defendants; is responsible in some manner for the occurrences alleged herein; and caused the injuries alleged herein.

GENERAL ALLEGATIONS

7. Plaintiff is a singer-songwriter that has performed and written songs under the name WRENN since 2011. She has released (or performed on) over 30 songs, three music videos, two live performance videos, and performed concerts throughout the United States. Her recent concert tour covered twenty states and sold out venues with approximately 1,000-person capacity. Her use of WRENN in social media and on her recordings is distinctive and unique. (the “WRENN mark”) A true and correct copy of an example of Plaintiff’s use of the WRENN mark is attached as Exhibit A.

8. Plaintiff utilizes her WRENN mark in various combinations on merchandise, online-social media, and her recordings to identify them as originating from Plaintiff. Her use of the WRENN mark is well-known throughout in the United States.

9. Plaintiff has been using the WRENN mark since at least 2011 and has been using that mark in interstate commerce since at least March 2012.

10. As a result of Plaintiff's efforts, as well as favorable recommendations

by Plaintiff's fans, Plaintiff's songs, recordings and concert performances have achieved significant popularity among the public. As a result of these efforts and Plaintiff's use of the WRENN mark, the WRENN mark has acquired substantial goodwill and secondary meaning for a long period of time, serving as an indicator of Plaintiff as the source of origin of the songs, recordings, merchandise and performances.

DEFENDANT'S UNLAWFUL CONDUCT: FALSE ENDORSEMENT, INFRINGEMENT AND UNFAIR COMPETITION

11. While Defendant at one time performed under the name WRENNpop, evidently due to Plaintiff's popularity, she has started performing and releasing music under the name WRENN. She has also chosen to style her use of WRENN in a similar manner as Plaintiff. A true and correct copy of Defendant's (improper) use of WRENN is attached as Exhibit B.

12. Defendant has advertised her goods and services using the WRENN mark on the Internet, where consumers have confused her work product with Plaintiff's recordings, songs, videos and performances and in search results.

13. Defendant has no right, license or other authority from Plaintiff to use any of the Plaintiff's Marks or confusingly similar marks thereto for any purpose.

14. Plaintiff is informed and believes, and on such basis alleges, that Defendant knew of Plaintiff's mark and that it was owned by someone other than herself; knew that the Plaintiff's mark was distinctive and famous; and knew that

Defendant had not received any authority from Plaintiff to use the WRENN mark or any other marks confusingly similar thereto, for any purposes.

15. Defendant's unlawful activities has resulted in irreparable injury and damage to Plaintiff's reputation.

16. Additionally, Defendant's unlawful activities injure the public by depriving the public of the right to be free of confusion in the marketplace.

17. Plaintiff is informed and believes, and on such basis alleges, that Defendant has deliberately, willfully, and maliciously used the WRENN mark in order to trade on the goodwill that Plaintiff has attained in the WRENN mark, to dilute the WRENN mark and to confuse the public into believing that Defendant's unauthorized use is either the work of Plaintiff or licensed or authorized by Plaintiff.

## FIRST CLAIM FOR RELIEF

(False Designation of Origin in Violation of Section 43(a) of the Lanham Act

(15 U.S.C. § 1125(a))

18. Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 17 above as if fully set forth herein.

19. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) provides, in relevant part, that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name,

> symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(1)(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

20. By making unauthorized use, in interstate commerce, of the name WRENN, Defendant has used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of the Plaintiff with the goods and services and/or as to the origin, sponsorship, association or approval of Defendant's services and goods by Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21. Defendant's acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent the Defendant's products as those of Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

22. Defendant's wrongful acts will continue unless and until enjoined by this Court.

23. Defendant's acts have caused and will continue to cause irreparable injury to the Plaintiff. The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

24. Defendants' egregious conduct is willful and intentional.

SECOND CLAIM FOR RELIEF

(California Trademark Infringement)

25. Plaintiff realleges the allegations in paragraphs 1through 24 of this Complaint as though fully set forth herein.

26. Plaintiff is the owner of common law trademarks, including the WRENN mark described above. These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning.

27. Defendant's unauthorized use of marks confusingly similar to the WRENN mark is likely to confuse the public as to the source, origin, sponsorship and affiliation of the goods sold by Defendant.

28. Defendant has infringed upon Plaintiff's rights by using marks confusingly similar to the Plaintiff's mark in connection with her work in the music business well after Plaintiff had used the WRENN mark and made them famous.

29. By reason of this unauthorized use of marks confusingly similar to the Plaintiff's mark, Defendant has unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof, but in excess of $100,000.

30. Plaintiff is informed and believes, and on such basis alleges, that this infringing use by Defendant has been deliberate and willful, entitling Plaintiff to increased damages and attorney's fees.

31. Plaintiff is informed and believes, and on such basis alleges, unless restrained and enjoined by this Court, Defendant will continue to infringe Plaintiff's trademark rights and cause confusion, deception and mistake among the trade and the consuming public as to the source of the goods sold by Defendants.

32. Defendant's activities have caused Plaintiff irreparable injury and unless Defendant's acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

THIRD CLAIM FOR RELIEF

(Federal Unfair Competition)

33. Plaintiff realleges the allegations in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. As alleged previously, Plaintiff is the owner of the WRENN mark, which has acquired substantial goodwill and secondary meaning.

35. Defendant has used marks confusingly similar to the WRENN mark in connection with Defendant's recordings and musical performances without permission or authority from Plaintiff.

36. Defendant has not obtained from Plaintiff any license or other permission to use the WRENN mark or marks confusingly similar thereto for any

purpose whatsoever.

37. Defendant's unauthorized use of marks confusingly similar to the WRENN mark, constitutes a false designation of origin and false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive customers and potential customers as to the source, origin, sponsorship and affiliation of the music performed by Defendant.

38. Defendant's use of the WRENN mark and marks confusingly similar thereto constitute violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

39. Defendant has unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these acts of false designation of origin and false representation, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial, in excess of $100,000.

40. Defendant's activities have caused Plaintiff irreparable injury and unless Defendant's acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury. Plaintiff has no adequate remedy at law.

<u>FOURTH CLAIM FOR RELIEF</u>

(California Unfair Competition)

41. Plaintiff realleges the allegations in paragraphs 1 through 40 of this

Complaint as though fully set forth herein.

42. Defendant's conduct is unfair and deceptive behavior pursued in the course of her businesses in that her actions were likely to deceive present and potential fans/music consumers of Defendant and of Plaintiff.

43. Defendant has willfully decided to unfairly compete with Plaintiff by misappropriating Plaintiff's mark by unlawfully using marks confusingly similar to Plaintiff's mark in an attempt to trade on Plaintiff's goodwill and to confuse consumers as to the source, origin, sponsorship and affiliation of the music/songs written and/or performed by Plaintiff.

44. Defendant has unlawfully derived income and profits from her activities and will continue to so derive income and profits from her acts of unfair competition, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

45. Defendant's activities have caused Plaintiff irreparable injury and unless Defendant's acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury. Plaintiff has no adequate remedy at law.

FIFTH CLAIM OF RELIEF

(California Trademark Dilution

under California Business & Professions Code § 14330)

46. Plaintiff realleges the allegations of paragraphs 1 through 45 of this

Complaint as though fully set forth herein.

47. Plaintiff is the owner of common law trademarks, including the WRENN mark set forth above. This trademark is inherently distinctive and has, in addition, acquired substantial goodwill and secondary meaning and well known and famous.

48. Plaintiff is informed and believes, and on such basis alleges that Defendant, with full knowledge of the public recognition of the WRENN mark, has used marks confusingly similar to the WRENN mark on her goods without authorization from Plaintiff after Plaintiff's marks became well known and famous.

49. The aforementioned actions of Defendant has caused, and is likely to continue to cause, injury to Plaintiff's business and professional reputation and to dilute the distinctive quality of the WRENN mark in violation of Section 7200 of the California Business & Professions Code.

50. Defendant's activities has caused Plaintiff irreparable injury and unless Defendant's acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Court issue a preliminary injunction restraining, enjoining and prohibiting Defendant, and her officers, agents, employees and attorneys, and any person in active concert or participation with them or who are acting under their direction, and each of them, from the following:

  (a) using the WRENN mark or marks confusingly similar thereto, and from causing, contributing to or participating in, the unauthorized display and/or distribution of the WRENN mark to the public in connection with any service or product,

  (b) engaging in conduct which tends falsely to represent or is likely to confuse, mislead or deceive members of the public,

  (c) otherwise unfairly competing with Plaintiff in any manner, and

  (d) continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

  2. That this Court issue a permanent injunction, prohibiting Defendant from directly or indirectly:

  (a) infringing the WRENN mark;

  (b) using marks confusingly similar to Plaintiff's mark in an attempt to trade on Plaintiff's goodwill and to confuse consumers as to the source, origin, sponsorship and affiliation of the music/songs written and/or performed by Plaintiff; and

  (c) unfairly competing in any manner with Plaintiff; and from inducing, or contributing to or participating in any such acts referred to in paragraph 1 of this prayer;

  3. That the Court award Plaintiff its damages from Defendant in excess of $100,000, including recovery of any compensatory damages sustained by

Plaintiff as a result of Defendant's infringing and/or tortuous activities described herein;

4. That the Court order Defendant to account for all gains, profits and advances derived by Defendant from the acts complained of, together with appropriate interest thereon;

5. That the Court further award Plaintiff an increase in damages in an amount found or assessed as a result of willful acts of trademark dilution, trademark infringement, and unfair competition;

6. That Defendants pay Plaintiff's costs and disbursements in this action, together with reasonable attorneys' fees;

7. That Plaintiff be awarded punitive damages; and

8. That Plaintiff have such other and further relief as the Court may deem just and proper.

DATED: January 5, 2017 KRAKOWSKY MICHEL

By:/s/

Hayes Michel
Attorneys for Plaintiff ZOE MIRKOVICH

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED: January 5, 2017

KRAKOWSKY MICHEL

By: /s/

Hayes Michel
Attorneys for Plaintiff ZOE MIRKOVICH